## HERSKOVITZ v. BAIRD.

1. CHARGE—REQUESTS—NEW TRIAL—CIRCUIT COURT RULE XI.—Trial Judge may dispense with reading requests as required by Rule XI. of Circuit Court, and when he does, his failure to charge proper requests is ground for new trial, notwithstanding they were not read in Court.

2. IBID.—IBID.—IBID.—ESTOPPEL.—Failure of counsel to call attention of Judge to fact that he had omitted to charge his requests, does not estop him from moving for new trial for such omission unless he knew Judge's reason for omission.

Before GARY, J., Charleston, April, 1900.   Affirmed.

Action for damages to personal and real property by Betty

Herskovitz against W. J. and Isaac Baird.    Judgment for plaintiff.    New trial ordered.    Plaintiff appeals from latter order.

*Messrs. Nathans & Sinkler,* for appellant, cite: Rule XI., C. C. C.; 29 Minn., 357; 50 S. C., 425; 31 S. C., 510.

*Messrs. Bryan & Bryan,* contra, cite: 14 S. C., 385; 1 Rich., 113; 4 Rich. Eq., 91; 20 S. C., 204; 47 S. C., 116; 26 S. C., 388; 50 S. C., 54; 46 S. C., 218; 31 S. C., 527; 39 S. C., 108.

February 26, 1901.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    This action was brought to recover damages to the real estate and personal property of the plaintiff, alleged to have been caused by the negligence of the defendants.    The jury rendered a verdict in favor of the plaintiff in the sum of $300 damages to the personal property.    A motion was made upon the minutes of the Court for a new trial on the grounds set forth in the order of his Honor, the presiding Judge, which is as follows: "This is a motion made upon the minutes of the Court, to set aside the verdict of the jury rendered in the above entitled cause, on the 11th day of April, 1900.    Before the argument of the case commenced, the counsel for defendants handed me his requests to charge.    These requests were not read by counsel for defendants to the Court or read at all, nor was a copy thereof given to counsel for plaintiff, who contends he heard and saw the requests for the first time during the argument of this motion.    The requests were inadvertently put aside by me and I omitted to pass upon them to the jury.    The counsel for defendants was in Court, heard my charge to the jury, and failed to call my attention to his requests to charge.    Counsel for plaintiff contends that the failure of counsel for defendants to read his requests as required by the rule, his presence in the Court when the charge was made, and his failure to call attention to my oversight in

not passing upon the requests, estops him.   There were certain propositions of law contained in defendants' requests that I would have charged and others that I would have refused; and as defendants did not get the benefit of the propositions that I would have charged, I am of the opinion that a new trial should be had.   It is, therefore, ordered, that the verdict herein be set aside and a new trial granted.   The ·requests were handed to the Court by defendants' counsel, and I did not require him nor do I think now that it was necessary that the same should be read."

The plaintiff appealed upon exceptions which are as follows:

"I.  Because his Honor erred in setting aside the verdict and granting a new trial, because he had inadvertently put aside the requests of the defendants, and omitted to pass upon them to the jury; whereas, it is submitted that his Honor had a right to assume that counsel for defendants, by his conduct, was satisfied with the charge to the jury, and had abandoned the requests.

"II.  Because his Honor erred in not holding that the failure of counsel for defendants to read his requests, his presence in Court when the charge to the jury was made, his silence when said charge was concluded, and his failure to call the attention of the Court to the oversight and omission to pass upon the requests, estop defendants from having a new trial on the ground of the presiding Judge's omission to pass upon the said requests.

"III.  Because his Honor erred in holding that it was not necessary for counsel for defendants to read his requests, as required by the rule of Court.

"IV.  Because his Honor erred in holding that there was error on his part in not passing upon the requests of defendants, under the facts and circumstances set forth in his order granting a new trial.

"V.  Because his Honor erred in granting a new trial, when his charge to the jury and their verdict cured the omission to pass upon the request."

In considering the questions raised by the exceptions, this Court will follow the classification adopted by the appellant's attorneys, the first of which presents the following proposition: "First. Whether there was not such an absolute violation of Rule XI. of the Circuit Court, by counsel for defendants, as to deny his right to a new trial." That portion of the rule to which the appellant refers is as follows: "Before the argument of the case commences, the counsel on either side shall read and submit to the Court in writing such propositions of law as they propose to rely on, which shall constitute the requests to charge." The violation of the rule of which the appellant complains is that the requests were not read by counsel for the defendants, when they were submitted to the Court. His Honor, the Circuit. Judge, says: "The requests were handed to the Court by defendants' counsel, and I did not require him, nor do I think now that it was necessary that the same should be read." In discussing this rule, in the case of *State* v. *Prater,* 26 S. C., at pages 204 and 205, Mr. Chief Justice McIver in behalf of the Court uses this language, to wit: "We do not wish to be understood as implying, by what we have said, that the violation of the rule prescribing the proper time for submitting requests to charge, with the acquiescence of the Circuit Judge, would necessarily constitute such an error as would require that a new trial should be granted. This rule, as we understand it, was designed mainly for the benefit of the Circuit Judge, so as to give him time to consider the several propositions of law relied upon by counsel, and to arrange his charge accordingly; and if he chooses to dispense with its strict observance as to the time when the requests to charge are submitted, we are not prepared to say that this would constitute such an error of law as would entitle an appellant to a new trial." As the rule was intended mainly for the benefit of the Circuit Judge, there is no reason why he should not dispense with that provision requiring the requests to be read to the Court. Furthermore, the failure to consider the requests was not caused by submitting the

requests without reading them to the Court, but because they were inadvertently overlooked by the presiding Judge.

The next classification contains the following proposition: "Did not the acts and conduct of counsel for defendants and his silence when he should have spoken, preclude their right to a new trial?" It does not appear in the record that defendants' attorneys had any knowledge whatever of the reason why their requests were not charged. In the case of *Long* v. *Ry. Co.,* 50 S. C., 49, the Court says: "When the presiding Judge refuses requests to charge, he is not compelled to read them in the hearing of the jury, nor is it necessary that he should instruct the jury that they do not contain sound propositions of law." In commenting with approval on the language just quoted, the Court, in the case of *Tucker* v. *Ry. Co.,* 51 S. C., 306, says: "When a request to charge embodies an erroneous principle of law, it should not be read to the jury, nor should the reasons for refusing it be stated within their hearing, as it would tend to confuse rather than to enlighten the jury. The reasons which a Circuit Judge may see fit to assign in refusing a request to charge are for the consideration of the Supreme Court in case of an appeal." It was not the duty of counsel for defendants to call the attention of the Court to the fact that the requests had not been charged, unless they had known the reason why they were not charged. The exceptions must be overruled.

The order of the Circuit Court is affirmed.