HARRISON v. WESTERN UNION TELEGRAPH CO.

1. PLEADINGS—TELEGRAPH CO.—In action for failure to deliver a telegram announcing a death and burial, it is not necessary to allege that plaintiff would have attended the funeral, if message had been delivered in time.

2. NONSUIT—IBID.—CONTRACT.—That a telegram was delivered to the company and by it transmitted to the office of destination is some evidence of a contract to transmit and deliver.

3. IBID.—IBID.—MENTAL SUFFERING.—An action for damages for mental suffering for failure to deliver a telegram in South Carolina sent from Virginia is *ex delicto* and may be maintained in this State, although the common law doctrine as to damages for mental suffering obtains in Virginia.

4. TELEGRAPH COMPANY—OFFICE HOURS.—A telegraph company is under no duty to deliver a telegram outside of reasonable office hours received after office hours by one not the operator and not connected in any way with the company, who chanced to be in the office after office hours, received the message, committed it to writing and left same on operator's table; but a delivery of such telegram immediately after office hours on next day is due diligence.                    '

Before GARY, J., Edgefield, March, 1904.    Reversed.

Action by P. B. Harrison against Western Union Telegraph Co.  From judgment for plaintiff, defendant appeals.

*Messrs. Wm. H. Barrett, J. Wm. Thurmond ,and Evans & Finley,* for appellant.  *Messrs Evans & Finley* and *Barrett* cite: *There was no duty to deliver the message until office hours next day:* 54 S. W., 963; 66 S. W., 17; 107 Ky., 469; 66 S. W., 592; 62 S. W., 136; 25 S. W., 661.  *Office hours were reasonable:* 28 Ency., 2 ed., 1037.  *Person receiving the message being not connected with company owed no duty to deliver message:* 53 L. R. A., 732.  *Time table cases are confined to dangerous machinery:* 113 Ga., 398.  *Common law is presumed to exist in Virginia:* 47 S. E., 63; 66 S. C., 91.  *In Virginia there is no damage for mental suffering:* 56 L. R. A., 663.  *The law of State of contract controls:* 45 S. E., 938; 61 S. W., 501; 69 S. W., 527; 78 S. W., 969, 744; 72 S. W., 264; 74 S. W., 751; 34 L. R. A., 492; 56 L. R. A., 486; 91 U. S., 412; 129 U. S., 397; 43 L. R. A., 387; 48 N. W., 926; Hutch. on Carr., secs. 140, 144; 69 Ill., 260; 25 L. R. A., 81; 12 L. R. A., 340; 23 L. R. A., 746.

*Messrs. Sheppard Bros.* and *S. McG. Simpkins,* contra. *Mr. Simpkins* cites: *Not necessary to allege plaintiff would have gone to funeral if message delivered in time:* 12 Ency. P. & P., 1033; 39 S. C., 436. *Defendant not having plead laws of Virginia, case must be decided under South Carolina laws:* 45 S. C., 370; 66 S. C., 98; 68 S. C., 236; 52 S. C., 323; 65 S. C., 436; 34 L. R. A., 503; 39 S. C., 484; 5 S. C., 358; 162 U. S., 650; 52 Ind., 1; 24 L. R. A., 166. *Action is ex delicto:* 70 S. C., 83. *Company is responsible for acts of party taking the message because he was in office with its approval:* 1 Ency., 353; 73 N. Y., 5; 2 Bay, 345; 1 Strob., 203; 77 Mich., 310; 27 Neb., 372, 557; 6 A. & E. R. R. Cas., 464.

April 14, 1905.  The opinion of the Court was delivered by

MR. JUSTICE GARY.  This is an action for damages, by reason of the failure on the part of the defendant to deliver the following telegram:

"Columbia, Va., 18.
"P. B. Harrison, Johnston, S. C.:
    "Father died to-day, two-thirty. Funeral Monday eleven.
                                              "Kate Harrison."

The defendant denied all except the formal allegations of the complaint, and set up the following defense:

"This defendant alleges, on information and belief, that the telegram referred to in the complaint was transmitted to and received at Johnston, S. C., at 8.10 o'clock P. M., on April 18th, 1903, after the said telegraph office at Johnston, S. C., had been closed for the day, in accordance with the hours fixed for its being closed by the rules and regulations of this defendant.  The hour fixed for the closing of the said telegraph office at Johnston, S. C., was 8 o'clock P. M., on week days, which was a reasonable hour.  On Sundays the hours fixed for opening the office were from 9 to 10 o'clock A. M., and from 3 to 7 o'clock P. M., which also

were reasonable. At the time of the receipt of said tele-
gram, on the evening of April 18th, 1903, the said office had
been closed, in accordance with the rules and regulations of
this defendant. One A. E. Norris, who was not at the time
employed in any way by this defendant, nor was its agent or
officer, nor authorized to act for it, but who was familiar
with telegraphing, chanced to be in the telegraph office at
Johnston, S. C., after 8 o'clock P. M., on the said April 18th,
1903, and, hearing Augusta calling for said office, took the
message and left it on the desk of the operator. The opera-
tor in charge of said office for this defendant had left the
office at 8 o'clock on the evening of April 18th, 1903, and did
not return to the office until 9 o'clock A. M., on April 19th,
1903. Promptly after entering said office and seeing said
telegram, he delivered the same to the plaintiff, at 9.15
o'clock A. M. It is thus shown that, not only was this de-
fendant not guilty of any wilfulness, wantonness, reckless-
ness, or intentional negligence or wrong, but was free from
negligence of any kind whatsoever, and said telegram was
transmitted and delivered with all proper diligence and care
in the premises."

It also set up as a defense that the plaintiff's failure to at-
tend the funeral was due to his own negligence. It likewise
set up as a defense that the contract is governed by the laws
of Virginia, and that under its laws, the damages alleged in
the complaint are not recoverable.

The jury rendered a verdict in favor of the plaintiff and
the defendant appealed upon numerous exceptions, which it
will not be necessary to consider in detail.

The first question for consideration is whether his Honor,
the presiding Judge, erred in overruling the demurrer to the
complaint, on the ground that it failed to state that the plain-
tiff would have attended the funeral if the message
had been received in time. Whatever effect such
fact might have in determining the amount of dam-
ages, it certainly formed no part of the plaintiff's cause of

action.   The plaintiff also made a motion for a nonsuit on the grounds:

(1) That there was no evidence tending to prove the contract.

(2) That the telegram being a Virginia contract, and damages for mental suffering not being recoverable in that State, there could be no recovery in South Carolina.

In the first place, there were facts and circumstances similar to those in the case of *Hellams* v. *Tel. Co.*, 70 S. C., 83, tending to prove the contract. And in the second place, the action is *ex delicto* and not *ex contractu*. *Hellams* v. *Tel. Co., supra.*

The next question relates to the charge of the presiding Judge.   After charging the jury that the defendant had the right to make reasonable regulations for receiving and delivering messages, he also charged as follows:

"Now, who received this telegram, is a question of fact for you to consider.   And I charge you in that connection, if you should conclude that the message was received at the office of the defendant company, at an hour after the office had been closed for business, by one not in the employ and not an agent of the company, and such party failed to promptly deliver said message upon receipt of same, the company would not be liable for the failure of such individual, unless you should find that it was negligence on the part of the company in permitting such person to have access to the office and wires."   There are also other portions of the charge, indicating that the defendant would be liable if A. E. Norris failed to deliver the message promptly, even after office hours, provided the defendant was guilty of negligence in allowing him access to its office and wires. The reasonableness of the office hours does not seem to have been in dispute.   The fact that the message was received, reduced to writing, and left on the operator's desk by Norris, did not delay the delivery of the telegram after the office hours next morning, and there was no testimony tending to show that the plaintiff suffered injury by his conduct, unless

the law required that the message should have been delivered after office hours. We are, then, confronted with the question whether any duty rested upon the defendant to deliver the telegram after its office hours. In 27 Enc. of Law, 1038, the rule is thus stated: "If the hours established for an office are reasonable, the company is under no duty to transmit messages, except during such hours, and a message offered for transmission after the close of such hours, at the office of destination, may be transmitted within a reasonable time after the office is open next morning. Similarly, where a message is transmitted to the receiving office after its regular hours, the company is not guilty of negligence in the absence of a special undertaking in deferring delivery until the next morning." This principle has been recognized in the case of *Bonner* v. *Tel. Co., ante* 303, but with the limitation that it is inapplicable when there are facts from which an agreement to the contrary may be inferred, or even when there is a waiver of the regulation.

There are no facts in this case, as in *Dowdy* v. *Tel. Co.,* 124 N. C., p. 522, 32 S. E., 802, showing that the office was kept open for the use of the public, after office hours. The rulings of the presiding Judge were not in harmony with the principles hereinbefore stated.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case be remanded to that Court for a new trial.