7002

## JOHNSON v. WESTERN UNION TEL. CO.

MENTAL ANGUISH—SPECIAL DAMAGES—PLEADINGS—TELEGRAPH COMPANIES NOTICE—PRESUMPTION.—It will not be presumed that a first cousin of a deceased suffered mental anguish from failure to attend the funeral caused by negligence in delivering a telegram. Such injury would be special damages, which must be specifically alleged, and the telegraph company must have special notice of the circumstances.

MR. JUSTICE GARY *dissents.*

Before DANTZLER, J., Chester, April term, 1907. Reversed.

Action by Mary Johnson against Western Union Telegraph Company. From judgment for plaintiff, defendant appeals.

*Messrs. George H. Fearons, J. H. Marion* and *Evans & Finley,* for appellant. *Mr. Marion* cites: *Construction of mental anguish statute:* 70 S. C., 218; 71 S. C., 511; 57 S. C., 325; 71 S. C., 33; 5 S. C., 358; 40 S. C., 524. *Relationship and the presumption of mental anguish:* 77 S. C., 148; 30 S. W., 896; 31 S. E., 439; 31 So., 78; 27 Ency., 1077; 54 S. W. R., 829; 30 S. W., 298; 39 S. W., 198; 34 S W., 649; 54 S. W., 830; 41 So., 965; 75 S. W., 482; 87 S. W., 788; 31 S. E., 493; 32 S. E., 746; 43 So., 45; 84 S. W., 850; 69 S. C., 545. *Mental anguish defined:* 49 S. E., 953.

*Mr. A. L. Gaston,* contra, cites: *The injury is the proximate result of the negligence:* 72 S. C., 116, 290; 73 S. C., 218; 74 S. C., 491; Arial Case, 70 S. C. *Relationship of first cousins is not too remote to raise presumption of mental anguish:* 77 S. C., 148; Jones on Tel. & Tel. Co., secs. 540, 541; 1 Am. & Eng. Am. Cas., 362; 69 S. C., 536, 531; 73 S. C., 524.

September 2, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The following telegram, intended for the plaintiff, was delivered to the defendant's agent on 3d August, 1906, at Hudson, N. C.:

"Miss Mary Johnson, near Sou. Dept., Chester, S. C.:

"Alie dead. Bring here tomorrow. Answer whether you can come. S. J. Smith."

Alie was the wife of the sender and the first cousin of the plaintiff. The telegram was not delivered till 6th August, and negligence on the part of the agent at Chester, in not

making proper efforts to find the addressee, was admitted. The plaintiff recovered judgment for one hundred and fifty dollars for mental anguish and suffering, in being deprived of the privilege of attending the funeral of which the telegram was intended to give notice.

The single question made by the appeal arises from the refusal of the Circuit Judge to charge the following request: "The Court charges that where a party is deprived of attending a funeral by reason of delay in the delivery of the telegram, and the relationship between such party and the deceased, to whom the telegram relates, is that of first cousin, proof of such relationship is not of itself sufficient to raise a presumption of mental anguish, and in order to enable such party to recover damages for mental anguish on account of such deprivation, it must affirmatively appear from the evidence that special relations of tenderness and affection existed between the plaintiff and the deceased, and that at the time the message was accepted by the telegraph company for transmission and delivery, adequate notice was given the company of such special relations."

In *Butler* v. *Tel. Co.*, 77 S. C., 147, 57 S. E., 757, the question being as to the presumption of mental anguish or suffering of one, who, upon the occasion of the death of his wife, was deprived of the presence of his brother-in-law in his hours of sorrow, the Court laid down these propositions: "1st. That a plaintiff can only recover such damages as are the direct and proximate result of a wrongful act on the part of the defendant; 2d. That mental anguish by a brother-in-law may be the result naturally and reasonably to be anticipated from the failure to deliver a telegram, but there is no presumption that such injury has been sustained; 3d. That if, in the particular case, one related merely by affinity sustains damages, they are special, and the defendant must have notice of the facts from which it may be reasonably expected they would arise, at the time the message is delivered for transmission." We are now called on to decide whether the same rule applies to first cousins.

If the reasoning of the Court in that case is to be regarded, it is perfectly clear there must be some line drawn in degrees of consanguinity where the presumption of suffering and anguish for such disappointments cannot be indulged. For it is within the knowledge of all that the relationship of father-in-law, mother-in-law, brother-in-law or sister-in-law is usually closer by intercourse and affection than that of the remoter blood relations. The reasoning and conclusion in *Butler* v. *Telegraph Company* are thoroughly sound, but the principle of that case would lead to absurdity unless the Court fixes some degree of blood relationship beyond which suffering and anguish will not be presumed as the results of delay in the transmission and delivery of telegrams.

Our statute provides for damages for "mental anguish or suffering." It will not be doubted these words were intended to have their usual strong meaning. They do not give the slightest ground to impute to the General Assembly an intention to encumber the administration of justice, and open the flood-gates of speculative litigation by allowing suits to be brought for any unpleasant feeling or sensation however slight. Mental suffering means distress or serious pain as distinguished from annoyance, regret or vexation. Mental anguish is intense mental suffering.

Being deprived of receiving or bestowing the ministrations of husband or wife, father, mother, brother, sister, grandparent and grandchild in the great sorrows of life, and being deprived of attending their funeral rites, produces in every normal man and woman with normal affections for these near kindred, distress and serious pain, that is, mental suffering or anguish within the meaning of the statute. When we leave these close family ties and reach the relation of uncle and aunt, niece and nephew, and that still further removed relation of cousin, the deprivation ordinarily produces annoyance, regret or vexation, but not a state of mind attending to distress or mental suffering. This, we think, is the common sense interpretation of the statute, viewed in

the light of the general experience of men; and it is in accord with authority.

The following authorities support the case of *Butler* v. *Telegraph Company, supra,* holding there is no presumption of mental anguish, arising from delay in telegrams affecting the feelings of those related by affinity: *Tel. Co.* v. *Steinbergen* (Ky.), 54 S. W., 829; *W. U. Tel. Co.* v. *McMillan* (Tex.), 30 S. W., 298; *W. U. Tel. Co.* v. *Garrett* (Tex.), 34 S. W., 649; *Davidson* v. *Tel Co.* (Ky.), 54 S. W., 830; *W. U. Tel. Co.* v. *Long* (Ala.), 41 So., 965; *W U. Tel. Co.* v. *Gibson* (Tex.), 39 S. W., 198. In *Denham* v. *Tel. Co.* (Ky.), 87 S. W., 788, recovery was denied to an aunt in a suit for damages for delay in a telegram announcing the death of a nephew. In *W. U. Tel. Co.* v. *Wilson* (Tex.), 75 S. W., 482, it was likewise held there was no presumption that an uncle will suffer mental anguish from failure to attend his niece's funeral.

In North Carolina, the view is taken that any telegram announcing sickness or death is sufficient notice to the company to warrant a recovery in any case where mental anguish is shown to have resulted, without respect to the relationship of the parties; but, on the trial, where the relationship does not raise the presumption of mental anguish, the damages must be affirmatively proved. The rule established in this State by Butler's case is, that there is no presumption that telegrams announcing sickness or death involve mental anguish or suffering, but rather annoyance, regret or vexation, unless they are sent by, or intended for near relations. The defendant, therefore, had a right to the instruction asked for.

The judgment of this Court is, that the judgment of the Circuit Court be reversed and the cause remanded to that Court for a new trial.

MR. CHIEF JUSTICE POPE *concurs with hesitation.*

Mr. Justice Gary *dissenting.* Conceding that there are degrees of relationship, beyond which it will not be presumed that mental anguish was suffered, as the result of failure on the part of the telegraph company to deliver a message promptly, nevertheless the relationship of first cousin comes within the degree giving rise to such presumption.

I, therefore, dissent.