### 8026

#### BUSBEE v. WESTERN UNION TELEGRAPH CO.

1. TELEGRAPH COMPANIES—WILFULNESS—ISSUES.—Where there is evidence tending to show a message was delivered to the carrier to be transmitted to a point at which the agent informed the sender there was no office, and that it was agreed to send it to an office near and deliver by special messenger, the relay office called attention of agent of sending office that there was an office at point of destination, and these two agents agreed to send to the office of destination, at which point no agent could be called during office hours, no effort having been made to deliver in the manner directed by sender, the issues of wilfulness and recklessness were properly sent to the jury.

2. IBID.—MENTAL ANGUISH.—Where there was proof that if a telegram had been delivered in due time, the addressee could have attended the funeral of her aunt, between whom there was close ties, the issue of damages for mental anguish was properly sent to the jury.

3. CHARGE.—A judgment will not be reversed for an irrelevant instruction unless the record furnishes good reason to suppose that the verdict was affected by it.

4. IBID.—WHERE A REQUEST is modified in such way that it is clearly obvious to counsel to be an inadvertence, and he does not call the attention of the Court to it, he will be considered to have waived an obvious mistake.

MR. JUSTICE GARY *dissents.*

Before WILSON, J., Abbeville, October term, 1910. Affirmed.

Action by Georgia H. Busbee and W. H. Busbee against Western Union Telephone Company. Defendant appeals.

*Messrs. Geo. H. Fearons, John Gary Evans* and *Gary & Hill,* for appellant, cite: *Where evidence explains delay wilfulness should not be recovered:* 84 S. C. 478; 87 S. C. 316. *No damage for disappointment or annoyance:* 70 S. C. 418; 81 S. C. 238. *Telephone company should have notice of close ties between aunt and niece:* 81 S. C. 90.

*Messrs. Moore & Mars,* contra. No citations.

November 7, 1911. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This appeal is from a judgment of four hundred dollars recovered by the plaintiff as damages for mental anguish caused by the failure of the defendant company to transmit and deliver promptly a telegram announcing the illness of plaintiff's aunt. In passing on defendant's first position that the Circuit Judge should have held that there was an entire failure of evidence of wilfulness or wantonness, and also an entire failure of evidence of any actual damages suffered by the plaintiff, it becomes necessary to state the evidence with some detail.

Elbert F. White presented for transmission to the defendant's agent at Abbeville, about ten o'clock a. m. on Sunday, February 28th, 1909, this message:

"Time filed 10:20 a. m.   Check 10, Paid 25.

"Mrs. W. H. Busbee, Clearwater, S. C.: Aunt Aggie and Aunt Sallie are in dying condition.   Come.   Elbert."

The agent examined the list of the company's offices, but not with sufficient care to discover that Clearwater was on the list, and informed White that there was no such office. Thereupon White directed that the message should be sent "via Bath," and paid fifty cents for the extra charge of sending a message from Bath to Clearwater.   When the message reached Augusta, Ga., the relay office, the agent there asked the Abbeville agent why the message was not to be sent direct to the Clearwater office.   The Abbeville agent, having thus discovered his error in telling White that there was no office at Clearwater, authorized the Augusta agent to send the message direct to Clearwater.   The Abbeville agent testified that he made some effort to find White and return the extra charge of fifty cents, but was not successful, and the money was never returned.

The message was received by the Augusta office a few minutes after ten o'clock.   The Sunday office hours at Abbeville, Bath and Clearwater were from 8 to 10 a. m., and from 4 to 6 p. m.   As the telegram was not received by the defendant's Augusta agent until after the Sunday morning hours at Bath and Clearwater, no negligence can be imputed to it for not having agents in those offices to receive the message before four o'clock in the afternoon. *Bonner* v. *Tel. Co.,* 71 S. C. 303, 51 S. E. 117; *Harrison* v. *Tel. Co.,* 71 S. C. 386, 51 S. E. 119; *Bowen* v. *Tel. Co.,* 77 S. C. 127, 57 S. E. 674.   All day Sunday both before and after four o'clock in the afternoon, frequent calls were made by the Augusta office on the Clearwater office, but the agent was either absent or neglected to answer.   The Augusta agent made no effort to deliver the message through the Bath office.   The message was taken by the Clearwater agent at 8:47 on Monday morning and delivered to Mrs. Busbee about 9:40.

The defendant owed to the plaintiff the duty to have an agent at the Clearwater office to receive the message for her during its office hours from four to six p. m. Evidence of the entire and unexplained failure of the Clearwater agent to perform this obvious duty was evidence from which an inference of a conscious failure to perform a known duty could be reasonably inferred. In addition to this, we think the inference of total disregard of an obvious duty might well be drawn from the failure of the Augusta agents of defendant to make any effort to send the message through the Bath office when no response came from the Clearwater office. The message showed on its face great urgency; the mark on it for special delivery through the Bath office indicated that the special charge had been paid; and it might with reason be inferred that any regard for the obligation assumed would have resulted in an effort to deliver the message through the Bath office. No doubt the defendant's Augusta agent was right in trying to save for the sender the extra charge and expedite the delivery of the message by sending it direct to Clearwater as the sender intended it should be sent until misled by the Abbeville agent; but it was none the less his duty to try the Bath office when the Clearwater office failed to respond. The Circuit Judge was, for these reasons, right in submitting to the jury the question of wilful or reckless disregard of duty on the part of the defendant.

It is equally clear that there was evidence to go to the jury on the question of damages. The evidence does show, as defendant's counsel contends, that even if the telegram had been promptly delivered to the plaintiff at 4 o'clock Sunday afternoon she could not have reached the bedside of her aunt before her death; but it also tends strongly to show that the plaintiff could have reached Abbeville in time to attend the funeral. She alleged and testified that she was attached to her aunt by strong ties of affection from very intimate association, and it was for

the jury to decide whether in view of such association and affection mental anguish would result from being unable to attend the funeral.

The defendant's counsel submitted the following request to charge: "Telegraph messages are accepted for transmission, subject to the reasonable rules and regulations of the telegraph company, and if the evidence shows that the defendant company had reasonable office hours during which to deliver telegraph messages in the towns of Clearwater and Bath, it was not by law compelled to deliver messages outside of said hours." After reading the request to the jury the Circuit Judge said: "I charge you that so far, and I add this to it—unless through its authorized agent, acting within the scope of his authority, he assumes for valuable consideration to do otherwise." The addition to the request, it is true, was irrelevant, for there was no evidence whatever that the defendant had undertaken to deliver the message out of office hours. But a new trial should not be granted merely because of an irrelevant instruction, unless the record furnishes good reasons to suppose that the verdict was affected by it. We find no such reason in the record in this instance, and the exception must be overruled.

The comment of the Circuit Judge in charging the fourth request of defendant's counsel gives rise to a point of some difficulty. The request was as follows: "That where a party is deprived of being with a relative during that relative's dying moments by reason of the delay in the delivery of a telegram, and the relationship between the party and said relative is that of niece, proof of such relationship is not of itself sufficient to raise a presumption of mental anguish, and in order to enable such party to recover damages for mental anguish on account of such deprivation, it must affirmatively appear from the evidence that special relations of tenderness and affection existed between the plaintiff and the deceased, and that at

the time the message was accepted by the telegraph company for transmission and delivery adequate notice was given the company of such special relations." The presiding Judge, after reading the request, said: "I charge you that.. In other words, Mr. Foreman and gentlemen of the jury, if a niece or a nephew should go and send a telegram, and the fact of that relationship was not known to the operator, then you see the law that I have given you would not apply, but that relationship must be known in order to bind the company—in order to be able to recover exemplary or punitive damages that relationship must be known to the company."

The error of the Circuit Judge in his interpretation of the request is so obvious that it must have been manifest to the counsel for defendant at the time it was due to inadvertence. We think it must be imputed to the counsel as a waiver of the obvious mistake of the presiding Judge that he failed to call attention to it. This conclusion is strengthened by the fact that at the close of the charge the presiding Judge asked the question, "Is there anything else, gentlemen?" and counsel for defendant submitted an additional request to charge, without referring to this inadvertence. *Worthy* v. *Jonesville Oil Mill,* 77 S. C. 69, 57 S. E. 634; *Anderson* v. *S. C. & G. R. R. Co.,* 81 S. C. 1, 61 S. E. 1096.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. JUSTICE GARY, *dissenting.* There are two reasons why I cannot concur in the opinion of Mr. Justice Woods:

*First.* Conceding that there was testimony, in the first instance, tending to show a reckless disregard of the plaintiffs' rights by the defendant, there was, also, testimony satisfactorily explaining the circumstances, from which such fact might have been inferred by the jury. The question of punitive damages was, therefore, erroneously submitted to the jury.

*Second.* The eighth exception should be sustained. I concur in the opinion of Mr. Justice Woods, that the language used by his Honor, the presiding Judge, was erroneous.

It is only necessary to cite the cases of *Butler* v. *Telegraph Co.,* 77 S. C. 148, 57 S. E. 757, and *Johnson* v. *Telegraph Co.* 81 S. C. 235, 62 S. E. 244, to show that there was prejudicial error. But I cannot accept the view expressed by him that the presiding Judge intended to charge the proposition embodied in the request. The language used by him, clearly shows he intended to charge, that the plaintiff could recover, if the defendant knew that she was the niece of her deceased relative "Aunt Aggie" (Mrs. J. S. Fisher),—a very different principle from that contained in the request.

The appellant's attorneys had the right to presume, that the presiding Judge was familiar with the doctrine, announced in the cases hereinbefore mentioned; and, unless they had actual notice of a mistake, on the part of the presiding Judge, or it was so glaring that it could not reasonably be supposed, that the jury was misled, their client should not be deprived of the right, to review the erroneous charge. No such facts, however, exist in this case.

It seems to me that the doctrine announced in the leading opinion will lead to much confusion, and bring about great injustice; and is at variance with the principle announced in the case of *Hersocovitz* v. *Baird,* 59 S. C. 207, 37 S. E. 922, in which it was held, that the failure on the part of counsel, to call the presiding Judge's attention to the fact, that he had omitted to charge certain requests, would not estop him from moving for a new trial for such omission, unless he knew the Judge's reason for such failure to charge.

I therefore dissent.