## 11334

### BAKER v. WESTERN UNION TEL. CO.

#### (121 S. E., 593)

1. BANKS AND BANKING—EVIDENCE HELD TO SUSTAIN PUNITIVE DAMAGES FOR FAILURE TO DELIVER MONEY TRANSFER.—In an action for alleged negligent and willful failure of a telegraph Company to deliver a money transfer, evidence *held* sufficient to sustain punitive damages.

2. BANKS AND BANKING—EVIDENCE AUTHORIZED INFERENCE THAT COMPANY RATIFIED WILFUL FAILURE OF AGENT TO PAY OVER MONEY. —In an action for alleged negligent and wilful failure to deliver a money transfer, evidence *held* to authorize an inference that the telegraph company ratified the alleged willful failure of its agent to pay over the money.

3. BANKS AND BANKING—IN AN ACTION FOR FAILURE TO DELIVER MONEY TRANSFER, EVIDENCE OF MORTIFICATION ADMISSIBLE.—In an action for alleged negligence and wilful failure to deliver an interstate money transfer, testimony that plaintiff was humiliated and mortified by the failure to promptly pay the money transfer *held* admissible, as mortification is an element of damage.

4. BANKS AND BANKING—INSTRUCTION AS TO PUNITIVE DAMAGES FOR FAILURE TO DELIVER MONEY TRANSFER HELD ERROR.—In an action for alleged negligent and wilful failure to deliver a money transfer to an addressee in Atlanta, an instruction that, if an officer of de-

---

Note: On right of addressee of a telegram to sue for damages for mental anguish resulting from negligence in delivery of telegram, see note in 49 L. R. A. (N. S.), 275.

fendant company in Atlanta received the money or authority to pay the money to addressee, and refused to deliver it upon her demand, defendant company was liable for punitive damages, *held* error, in the absence of a showing that there was an officer of defendant in Atlanta authorized to ratify the conduct of defendant's Atlanta agents.

5. Banks and Banking—Instruction Authorizing Recovery for Embarrassment Held Error.—In an action for alleged negligence and wilful failure to deliver a money transfer, an instruction that the jury could take into consideration the actual expense that plaintiff incurred and any embarrassment, mortification, or humiliation caused by reason of defendant's failure to deliver the money, if defendant failed to deliver the money, *held* error.

Before Evans, Special Judge, Barnwell, December 1922. Reversed.

Action by Mrs. C. Baker against Western Union Telegraph Co. Judgment for plaintiff and defendant appeals.

The eighth exception referred to by Justice Cothran follows:

(8) Because it is respectfully submitted that the presiding Judge erred in charging plaintiff's first request to charge which was as follows: If you find from the evidence that the plaintiff has made out her case by the greater weight of the evidence, and that she is entitled to actual damages, in considering actual damages, you can take into consideration all the actual expense that plaintiff incurred by the defendant's failure to deliver the said money, lost time, and also any embarrassment, mortification or humiliation by reason of the defendant's failure to deliver said money, if it did so fail to deliver the money. These are all questions of fact for you, and you will apply the law to the facts in arriving at your verdict—the error being that in so charging his Honor charged an erroneous principle of law in that he directed the jury that the plaintiff might recover damages for any embarrassment, mortification, or humiliation suffered by reason of defendant's failure to deliver the money in question and the submission of such elements of damage to the jury was in violation of this defendant's rights under

Article 1, § 8, subd. 3, of the constitution of the United States and Acts of Congress passed in pursuance thereof, and those portions of the Constitution of the United States. providing that no state shall deny to any person within its jurisdiction the equal protection of the law, and that no person shall be deprived of his property without due process of law.

Messrs. *Nelson & Mullins* and *Francis R. Stark,* for the appellant, cite:  *Interstate commerce:* 110 S. C., 169; 115 S. C., 520; 240 U. S., 612; 251 U. S., 27; 251 U. S., 314; 254 U. S., 17.  *Punitive damages under Federal Law:* 147 U. S., 108; 105 S. C., 287; 106 S. C., 155; 15 S. W., 1105.  *Mental suffering:* 108 S. C., 502; 107 Fed., 568; 287 Fed., 297; 254 U. S., 17.  *Ratification of agent's act:* 3 Mo. Ap., 503; 143 Fed., 95; 40 La. Ann., 87; 12 S. W., 860; 20 S. W., 80; 132 Fed., 805; 104 S. C., 190.  *Withdrawal of testimony:* 117 S. C., 44.  *Judge's charge on facts:* 87 S. C., 190; 11 S. C., 217; 94 S. C. 324.

Messrs. *J. O. Patterson, Jr., Jas. A. Kennedy,* for respondent, cite:  *Damages:* 37 L. Ed., 102.  *Ratification of agent's act:* 90 Fed., 99; 96 Fed., 929; 55 Mo., 201.  *Willfulness governed by State Law:* 109 S. C., 287.  *Judge charged correctly;* 99 S. C., 397.

November 14, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The appellant states its case as follows:

"This action was brought to recover damages, actual and punitive, on account of the alleged negligent and willful failure to transmit and deliver a money transfer in the sum of $10 filed with the defendant at its Barnwell, S. C., office on the 28th day of December,1921, by C. F. Baker, Jr., to be transmitted to Mrs. C. Baker, the respondent herein, at Atlanta, in the state of Georgia.

"The answer of the defendant was, first, a general denial; second, that the money transfer in suit was interstate commerce, and therefore, the liability of the defendant for punitive damages was to be determined and controlled by the Federal law to the exclusion of the state law; and, third, that the money transfer in question was interstate in its character, and therefore, there could be no recovery for metntal anguish.

"It appears from the undisputed testimony that C. F. Baker, Jr., the stepson of the plaintiff, filed with the defendant at its Barnwell, S. C., office on the afternoon of the 28th of December, 1921, between 5 and 5:30 p. m., a money transfer in the sum of $10 to be transmitted to his stepmother in the city of Atlanta, Ga.   At the same time he filed the following telegram:

" 'Barnwell, S. C., 512  P  28

" 'Mrs. C. Baker, 62 Houston Street, Atlanta, Ga..   Papa not expected to live, come.   Am sending ten dollars.   C. F. Baker, Jr.' "

"This telegram was delivered to the plaintiff, Mrs. C. Baker, between 5 and 5:30 p. m. the same day.   The cipher message directing the payment of the money transfer was received in the Atlanta office at 4:45 p. m. (Central time.)

"The testimony is conflicting as to what occurred after receipt of the money transfer in Atlanta.   Plaintiff testified that upon receipt of the message advising her that the money was being sent she went to the main office of the Western Union on Forsythe street and asked for the money.   She was directed to a lady cashier, the manager of the department, who informed her that it was not there.   She went back again that night and twice the next day endeavoring to get the money, and each time was informed that there was no money there for her.   She informed the lady in the Atlanta office that she had no money and she depended on getting this money to go to Barnwell to see her dying husband.

"Miss J. A. Clark, a witness for the defendant, testified that she was in charge of the cashier's window in the Atlanta office and her hours were from 3 p. m. to 11 p. m. No one else in the Atlanta office handled or paid out money during those hours except herself. She had no recollection of Mrs. Baker ever having called for the money in question on the 28th of December or any other day. The code message, directing the payment of the money transfer, was received at the cashier's office at 5:12 p. m., Atlanta time, and if Mrs. Baker had come in after 5:12 she would have paid her the money.

"The plaintiff testified that, not being able to get the money, she appealed to the Salvation Army. She was given a ticket and left Atlanta on the night of the 29th, reaching Barnwell on the morning of the 30th—some three or four days prior to the death of her husband.

"Upon cross-examination plaintiff admitted that she and her husband had not lived together as husband and wife for something like two years; also she had known of his serious illness for six months prior to his death, but had made no effort to see him.

"Both the cause of action for actual and punitive damages was submitted to the jury, and they found a general verdict for the plaintiff for the sum of $700."

The appellant's propositions are:

I. "The defendant cannot be held liable for punitive damages under the circumstances of this case."

There is evidence in the case that will sustain punitive damages. It should not be discussed, inasmuch as a new trial must be ordered.

II. There was absolutely no evidence that the corporation had participated in, or authorized, the alleged willful failure of the defendant's agents in the Atlanta office to pay over the money. The appellant requested his Honor to charge that punitive damages could not have been given unless the act was "authorized, participated in, or

ratified." There was evidence from which the jury might have inferred ratification.

III. "The Court erred in permitting the plaintiff to testify that she was humiliated and mortified by the alleged failure of the defendant to promptly pay the money transfer." This case was tried under the federal law, and, while the federal Courts have declared that mortification alone is not sufficient, we have not been referred to any holding that mortification is not an element of damages. This covers the third and fourth specifications of error.

IV. The last specification of error is: "If you find that an officer of the defendant company in Atlanta, Ga., received the money or authority to pay the money to the plaintiff and refused to deliver to the plaintiff upon her request or demand, then the defendant company is liable for punitive damages." This was error. There was nothing in the case to show that there was an officer of the defendant in Atlanta authorized to ratify the conduct of the Atlanta agents of the defendant.

The judgment is reversed.

Mr. Justice Watts concurs.

Messrs. Justices Marion and Cothran concur in result.

Mr. Chief Justice Gary did not sit.

Mr. Justice Cothran: I concur in the result upon the ground that the eighth exception should be sustained. *Johnson v. Tel. Co.,* 81 S. C., 235; 62 S. E., 244; 17 L. R. A. (N. S.), 1002; 128 Am. St. Rep., 905. *Hunter v. Tel. Co.,* 135 N. C., 458; 47 S. E., 745. *Hancock v. Tel. Co.,* 137 N. C., 497; 49 S. E., 952; 69 L. R. A., 403; 17 C. J., 830.