## JONES v. WESTERN UNION TELEGRAPH CO.

1. TELEGRAPH COMPANIES—PLEADINGS.—In an action against a telegraph company for damages for non-delivery of telegram, it is proper to allege that, before delivery of the message in question,

another message was received announcing a death in family, as notice to defendant of special purpose of delivery of message to it.

2. IBID.—IBID.—Where plaintiff does not seek to have a message corrected but sues for damages for non-delivery of one delivered, it is not proper to allege that he asked the operator to write and send a different message than one delivered to company, as he is responsible for wording of such message.

3. IBID.—MENTAL ANGUISH—DAMAGES.—If message does not show that plaintiff's wife and baby were connected with its transmission, the telegraph company is not liable for mental anguish of plaintiff caused by suffering of his wife and child by reason of its non-delivery.

Before TOWNSEND, J., Union, May, 1904. Modified.

Action by Wm. W. Jones against Western Union Telegraph Company. From order refusing to strike out allegations in complaint, defendant appeals.

*Messrs. Evans & Finley,* for appellant, cite: *What are irrelevant allegations:* 50 S. C., 67; 60 S. C., 390; 65 S. C., 437; 66 S. C., 134. *Operator who writes a message for sender is his agent in all matters connected with the message:* 72 N. Y. S., 634; 69 S. W., 464; 16 S. E., 128; 18 S. E., 1008; 24 Fed., 119; 24 S. W., 86; 64 Tex., 220; 63 Tex., 668. *Undisclosed principal of whose interest message gives no notice cannot recover damages:* 53 S. W., 686; 22 S. W., 961; 13 S. W., 70; 12 S. W., 954; 54 S. W., 830, 853; 57 Fed., 471; 129 Fed., 344; 79 Fed., 449.

*Messrs. V. E. DePass* and *Stanyarn Wilson,* contra, cite: *It is proper to allege history of transaction:* 66 S. C., 134; 67 S. C., 358; 54 S. C., 504; 63 S. C., 428; 65 S. C., 98; 53 S. C., 210; 65 S. C., 436. *As to "irrelevancy" and "redundancy:"* 25 Ency., 841, 842, 846; 60 S. C., 212.

February 21, 1905. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an appeal from an order refusing a motion to strike out certain allegations of the

complaint as irrelevant. Those allegations are italicized in the respective paragraphs containing them, as follows:

"III. *That on the 16th day of February, 1904, the plaintiff being at Whitmire, S. C., received from his father, at Lockhart, S. C., a telegraph message announcing that the brother of plaintiff's wife was dead—plaintiff's wife being with him at Whitmire when said message was received.*

"IV. That about 8 o'clock A. M., on the 17th day of February, 1904, the plaintiff delivered to the agent at Whitmire, S. C., a certain telegram for transmission and delivery to his father, J. J. Jones, at Lockhart, S. C., in substance in the following words: 'Meet me at Union this P. M.,' and that the plaintiff then and there duly prepaid to the defendant's agent at Whitmire the toll or amount charged for the transmission of the said message, and the defendant's agent then and there received said message, and agreed and undertook to forthwith transmit and deliver said message to the addressee at Lockhart, S. C. *That said message was written by said agent for plaintiff, who told the said agent that he wished the message to tell his father to meet himself and wife that evening with turnout at Union.*

"V. That plaintiff, relying upon defendant's said obligation to transmit and deliver said telegram to his father, and expecting his father to meet them at Union, as requested in said telegram, hired a team at Whitmire aforesaid for Union, on said day telegram was sent to his father, and *in company with his wife and infant baby,* started for Union, reaching there about 4 o'clock of the same afternoon. * * *

"VII. That if the said message which plaintiff addressed to his father, J. J. Jones, as aforesaid, had been transmitted and delivered promptly or with reasonable dispatch to the said J. J. Jones by defendant, the said J. J. Jones would have met plaintiff *and his wife and infant baby* at Union, as requested in said telegram, and with means of conveyance from Union to Lockhart. * * *

"X. That by reason of aforesaid negligent, careless, wanton and wilful conduct of defendant in this behalf, plaintiff's father did not meet plaintiff, and by not doing so, and by defendant's negligent and wanton failure to notify plaintiff of said non-delivery, plaintiff was compelled to *wait with his wife and infant baby* at a disagreeable livery and horse stable in the town of Union aforesaid, for about four hours, on a bitter cold evening, expecting momentarily the arrival of his father from Lockhart aforesaid, in response to said telegram; but plaintiff's father, by reason of defendant's failure to transmit and deliver to him said telegram, did not go to Union as requested, and plaintiff by reason thereof, and because of said non-notification of non-delivery waited until about 8 o'clock of said evening, when he was compelled to hire a vehicle for himself, *his wife and baby,* and on a cold and bitter night drive over rough roads a distance of about twelve miles to Lockhart aforesaid, reaching there about midnight.

"XI. That by reason of the aforesaid negligent, careless, wanton and wilful conduct of defendant and the resulting necessity for plaintiff to hire a vehicle and drive through the country as aforesaid, and the further necessity for plaintiff to take the ride to Lockhart on a cold and bitter night, and of his expenditures for livery hire, *for medicine and medical attention for his wife and infant baby (who were made ill by the cold, late ride which they were compelled to take),* and of the great mental pain, distress and anguish which he suffered because of defendant's said conduct, he was damaged in the sum of two thousand dollars."

The allegations of the third paragraph were relevant in so far as they showed that the defendant had notice of the special purposes for which the message was delivered to it by the plaintiff for transmission—the promptness required in the transmission of a telegram being more or less dependent upon the necessity for a special delivery, when the telegraph company had notice of such

necessity. There was, therefore, no error on the part of his Honor, the presiding Judge, in refusing to strike out this paragraph.

The next question is whether there was error in refusing to strike out the italicized allegations in the fourth paragraph. The plaintiff does not seek to have a mistake in the telegram corrected, but bases his action on the non-delivery of the message set out in said paragraph, to wit: "Meet me at Union this P. M." Furthermore, the plaintiff was alone responsible for the wording of the telegram. The allegations were, therefore, irrelevant.

The question whether there was error in refusing to strike out the other allegations of the complaint will be considered together. The mesage shows upon its face that the wife and baby were in no respect whatever connected with its transmission. The fact that the plaintiff's wife and baby accompanied him, and that their sufferings caused him pain and anguish, was not a result naturally and reasonably to be anticipated from the failure to deliver the telegram. The defendant is only responsible for such damages as are the direct, natural and proximate result of a failure to perform its duty. *Arial* v. *Tel. Co., ante,* 418. The foregoing allegations were irrelevant, and it was error to refuse to strike them out.

It is the judgment of this Court, that the order of the Circuit Court be modified in the particulars hereinbefore mentioned.