BONNER v. WESTERN UNION TELEGRAPH CO.

1. APPEAL—SUPERSEDEAS.—When a complaint alleges facts jumbled together stating a cause of action for actual damages and one for punitive damages, and motion is made to strike out the allegations as to the cause of action for punitive damages and refused, notice of appeal from such order does not act as a *supersedeas.*

2. TELEGRAPH COMPANIES—OFFICE HOURS.—Telegraph messages are accepted for transmission subject to the reasonable rules and regulations of the telegraph company, and if the evidence shows that the company had reasonable office hours during which it delivered messages at a particular office, it is not by law compelled to deliver messages outside of said hours, and a message received after office hours is delivered with due diligence after hour for opening office.

3. IBID.—IBID.—EVIDENCE.—The occasional delivery of messages after office hours does not have the effect of abrogating the established reasonable office hours of the company or of making it obligatory on it at other times to deliver messages outside of office hours.

4. PLEADINGS—STRIKING OUT.—The allegations in a complaint stating otherwise a cause of action for actual damages, that "the plaintiff was grieved, disappointed and distressed in mind and caused to suffer from great mental anguish, to his damage * * *" should not be stricken out.

Before GEORGE E. PRINCE, special Judge, Barnwell, March, 1904. Reversed.

Action by L. F. Bonner against Western Union Telegraph Co. From judgment in favor of plaintiff, defendant appeals.

The sixth exception is as follows:

"Sixth. In that his Honor erred in refusing to strike out, after due notice and before answering, the following words in the complaint, to wit: 'The plaintiff, L. F. Bonner, was grieved, disappointed and distressed in mind and caused to suffer from great mental anguish, to his damage $1,995.' The error being that said words were irrelevant to the cause of action for actual damages set up in the complaint, and the damages alleged were of a character not allowed by law."

*Messrs. Evans & Finley,* for appellant, cite: *Motion to strike out was appealable:* Code Proc., sec. 11; subdiv. 1, 356; 65 S. C., 226; 66 S. C., 16; 36 S. C., 562; 70 S. C., 8. *It is not the duty of a telegraph company to deliver messages after reasonable office hours:* 27 Ency., 2 ed., 1037, 1038; 38 Hun., 338; 107 Ky., 600; 46 W. Va., 48; 42 Hun., 454; 24 Fed., 119; 97 Ga., 338; 57 Wis., 562; 53 S. W., 712; 103 Ind., 505; 107 Ky., 464; 22 R. I., 344; 86 Tex., 368; 27 Tex. Civ., 610; 5 S. C., 358; 65 S. C., 104; 48 N. Y., 132; 48 N. Y., 132. *Occasional delivery after office hours does not show waiver:* 107 Ky., 600; 27 Tex. Civ., 610; 27 Ency., 1038, and note 4; 53 S. W., 712; 27 Tex. Civ., 610; 62 S. W., 136; 6 Tex. Civ., 394; 124 N. C., 522.

*Messrs. Izlar Bros. & Atkinson,* contra, cite: *Motion to strike out is intermediate order and not appealable until after judgment:* 68 S. C., 494; 36 S. C., 559; 60 S. C., 521; 45 S. C., 547; 16 S. C., 619; 59 S. C., 544. *It is obligatory on a telegraph company to deliver a message out of office hours under certain circumstances:* Gray Com. by Tel., secs. 19, 20, 25, 26, *et seq.;* 62 S. C., 222; 124 N. C., 522; 2 Ency., 1038; 5 S. C., 374; 19 S. C., 73. *Allegations as to punitive damages should not be stricken out:* Wat. on Dam., secs. 390, 391, 405, 448, 449, 450, 461; 52 S. C., 323; 57 S. C., 325; Code, 1902, 2223; 63 S. C., 425. *Telegraph company must in all cases deliver messages promptly:* 5 S. C., 374; 19 S. C., 73; 70 Am. R., 205; 65 S. C., 93, 430, 570; 2 Ency., 1038; 27 Ency., 1074-5; 51 S. C., 296; 58 S. C., 222; 41 S. C., 440; 52 S. C., 279; 36 L. R. A., 711; 51 S. W., 259; 93 Fed. R., 936. *As to office hours and regulations as to delivery:* 94 Ga., 444; 24 Fed. R., 119; 86 Tex., 368; 53 L. R. A., 732.

April 5, 1905. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The plaintiffs sought to recover a judgment for $1,995 from the defendant, because he alleged that it failed to deliver a telegram announcing the serious sickness of plaintiff's sister, and desire for his presence on the Atlantic Coast Line Railroad. The defendant denied any liability, alleging that the dispatch was received after office hours, which fact was well known to the sender, but the message was sent during the office hours the next morning. The cause came on for trial before special Judge, George E. Prince, and a jury, who rendered a verdict in favor of the plaintiff for $500. After entry of judgment thereon, defendant has appealed, and in his grounds of appeal he insists:

"First. Because the Circuit Judge erred in ordering the case to trial, over the objection of defendant's counsel. The

20—71.

error being that a motion affecting the merits of the case, to wit: 'To strike out certain portions of the complaint after due notice having been made and overruled and due notice of appeal from said order having been served upon plaintiff's counsel; the Court was without jurisdiction, the notice of appeal in such cases acting as a *supersedeas.*'" Since the passage of the act of 1898, it seems that a plaintiff may state in his complaint for damages one or more causes of action, and that he is entitled to be heard thereunder, no matter how such causes of action are jumbled. In the case at bar, the plaintiff has two causes of action: one for actual damages and the other for punitive. The defendant has sought by his motion to expunge from the record so much of the allegations of the plaintiff as referred to the actions for punitive damages. It is very certain that striking from the complaint the language covered by the motion would not defeat plaintiff's right of action. This Court, in the case of *Proctor* v. *Railroad Company,* 64 S. C., 491, held that the statute of 1898 permits the jumbling together in one statement of all acts of negligence and other wrongs. To the same effect is the judgment of this Court in the case of *Lynch* v. *Spartan Mills,* 66 S. C., page 16, 44 S. E., 93. We do not think there was error in the Circuit Judge's refusing to stop the trial of the cause in view of the notice of appeal referred to.

"Second. Because the Circuit Judge erred in refusing to charge without modification the following request to charge on the part of the defendant, to wit: 'Telegraph messages are accepted for transmission, subject to the reasonable rules and regulations of the telegraph company, and if the evidence shows that the defendant company had reasonable office hours during which it delivered telegraph messages in the town of Blackville, it was not by law compelled to deliver messages outside of said hours.' The error being that the modification was not a sound proposition of law, in that it imposed upon the company the duty of making a reasonable effort to deliver a telegram received

after office hours, thereby destroying the effect of defendant's request to charge. The following is the modification: 'I charge you that with the modification I made, that if the defendant company kept its office open and made it the duty of its agents to receive messages, and the message on its face shows it was an urgent one, the company had the duty imposed upon it by law to make such effort to deliver it as would be reasonable in the circumstances. If it had been delivered in office hours, the duty would be to have messenger boys there to take it and deliver it. After reasonable office hours, it is for you to say; you have heard the testimony, what it would be reasonable for the agent to have done in those circumstances, and whether or not he did what was reasonable. If he did what was reasonable, the defendant company is not liable, and there is not as high a duty to deliver the message received out of office hours as it is to deliver a message received within office hours. I mean, the degree of diligence required of the defendant company in the delivery of messages received out of office hours is not as great as that required to deliver messages received within office hours.' "

We think the request made by the defendant was a reasonable one and correctly stated the law. We do not, therefore, sustain the modification made by the Circuit Judge. In 27 A. & E. Ency. of Law, at page 1037, it is said: "Like other corporations or individuals engaged in a public business, a telegraph company has the right to provide rules and regulations with which all persons desiring to engage its services must comply." *Hewlett* v. *Western Union Telegraph Company*, 28 Fed. Rep., 181; 14 A. & Eng. Corporations Case, 134; *True* v. *International American Telegraph Company*, 60 Me., 9; and other cases cited in note 1.

"This right, however, is subject to the limitation that the regulations must be reasonable and may not operate to relieve the company of any obligation imposed by law or public policy, and they must be reasonably applied under the special circumstances of any particular cases. The company has

the right to provide reasonable regulations as to the hours during which its office shall be open for the transmission and delivery of messages. The reasonableness of the regulations with respect to any particular office must depend largely upon the character of the locality of that office, and is, therefore, a mixed question of law and fact. It is not necessary that all offices shall have the same hours; the practical effect of a contrary rule would be to destroy the right of regulations."

Now, in the case at bar, the only testimony offered was that the hours from eight A. M. to eight P. M. were those adopted both at the office of the sender and also that of the sendee. There was no testimony to the contrary. It was virtually admitted that such a regulation was in existence and that it was reasonable; hence, we say that the request should have been granted as made, and that the Circuit Judge was in error in his proposed modification. This ground of appeal is sustained.

"Third. Because the Circuit Judge erred in refusing to charge without modification the fifth request to charge of defendant, as follows: 'If the jury find that the message was promptly transmitted from Ellenton to Blackville, and arrived at Blackville after the regular and reasonable hours at that place, and that the message was delivered with due diligence after the opening hour of said office, then they must find for the defendant.' The error being that said request properly stated the duty and liabilities of the company, and the modification destroyed its effect and imposed upon the defendant a duty not required by law, to wit: 'I charge you that, with the same modification made on the other. If by the use of diligence in the circumstances it could have been delivered that night, why he ought to have delivered it. It is not for me to say just how that could have been done, but if under the circumstances of the duties devolved upon the agent at that time, it could have been done with the use of due diligence, why then it ought to have been done. Remember, I say they would not be required to exercise the same degree

of diligence in delivering it that would have been required if it had been received in office hours.' "

We hold that if the company could be protected from failure to deliver a message except in office hours, which was received by the defendant after its office hours, and such hours were reasonable, as they were established to be in this case by the only testimony offered, it would not be proper to put other conditions upon the defendant company; and in as much as the charge of the Circuit Judge here complained of sought to place other restrictions, we hold that he was in error. This exception is sustained.

"Fourth. Because the Circuit Judge erred in refusing to charge without modification the sixth request of defendant, to wit: 'That the occasional delivery of messages after office hours does not have the effect of abrogating the established reasonable office hours of the defendant, or of making it obligatory on them at other times to deliver messages outside of office hours.' The error being that the request properly stated the law and the modification nullified the request and imposed an additional duty upon the defendant than that required by law, to wit: 'I charge you that except those they can deliver by the use of such diligence as would be reasonable in the circumstances.' "

We hold that the request of the defendant was proper and should not have been modified, as attempted by the Circuit Judge. As stated in 27 A. & E. Ency. of Law, page 1038: "It is within the apparent scope of the agent's authority to extend the hours fixed for his office, particularly where the notice of the established hours is not brought home to the person." * * * "If the hours established by an office are reasonable, the company is under no duty to transmit messages except during such hours, and a message offered for transmission after the close of such hours at the office of destination may be transmitted within a reasonable time after the office is opened next morning. The failure of the agent to observe the office hours when habitual, may be shown in evidence as indicating that no rule on the subject prevails or

was enforced; but proof merely of the occasional transmission or delivery after office hours will not be sufficient to establish a waiver of the regulations." *Western Union Telegraph Company* v. *Crider,* 107 Ky., 600; *Western Union Telegraph Company* v. *McConnico,* 27 Tex. Civ. App., 610. We think the exception should be sustained.

"Fifth. Because the Circuit Judge erred in charging the jury that, 'if they found that the message was received at Blackville, after reasonable office hours, that nevertheless the defendant was under legal obligations to use reasonable diligence, considering all the circumstances, to deliver the message before the opening hour of the office, and that the degree of diligence was dependent upon the apparent importance of the message.' The error being that it imposed a duty upon the defendant company not required by law." This Court holds that the Circuit Judge was in error in this charge. This exception is sustained.

4      The sixth exception has already been considered, and is not sustained.

"Seventh. Because his Honor erred in refusing to grant a new trial. The error being, (a) that there was no evidence to support the verdict, beyond the nominal amount alleged in the complaint; (b) for the reason stated in the first exception; (c) because the jury did not properly or legally express in writing their verdict; (d) because, admitting all the evidence in the case to be true, the defendant was not legally liable for the claim of the plaintiff, and the verdict should have been for the defendant." In as much as our findings on the grounds of appeal two, three, four and five necessitate a reversal of the judgment and a new trial, we prefer not to pass upon the facts here referred to in the seventh ground of appeal.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed and the action be recommitted to the Circuit Court for the purpose of a new trial, in accordance with the principles herein announced.

MR. JUSTICE JONES. I concur in the result. I assent to the main proposition that a telegraph company in the conduct of its business may make regulations not opposed to law or public policy and which are reasonable. This, of course, includes the power to establish reasonable office hours. From which it follows that it is not the duty of a telegraph company to receive, transmit or deliver a message out of reasonable office hours, *in the absence of circumstances showing an agreement to the contrary or showing a waiver of the regulation.*

MR. JUSTICE WOODS *concurs in the main opinion and that of* MR. JUSTICE JONES.

MR. JUSTICE GARY *did not sit in this case because of illness.*