## ROGERS v. WESTERN UNION TEL. CO.

Telegraph Co.—Damages.—Where a message sent by a husband does not show on its face that it is for benefit of the wife, and the telegraph company has no notice that it was sent for her benefit, she is not entitled to either ordinary or special damages for failure to deliver.

Before Purdy, J., Richland, January, 1905. Reversed.

Action by Bertha A. Rogers and J. E. Rogers against Western Union Telegraph Co. From order overruling demurrer, defendant appeals.

*Messrs. Nelson & Nelson,* for appellant, cite: 53 S. W., 866; 22 S. W., 961; 13 S. W., 70; 54 S. W., 830, 853; 12 S. W., 954; 71 S. C., 29; 5 Ency. P. & P., 269; 6 Ency. P. & P., 600; 4 Ency. P. & P., 269-272; Joyce on Elec. L., secs. 800-7; 70 S. C., 539; 45 N. Y., 744; 46 N. E., 358; Thom. Elec. L., sec. 313; 7 S. C., 715; 22 S. W., 534; 28 S. W., 699; 26 S. W., 216; 54 N. E., 774; 53 S. W., 686; 22 S. W., 96; 13 S. W., 70; 12 S. W., 954; 16 Nev., 222; 98 Mass., 237; 28 S. W., 1107; 30 S. W., 1105; 35 S. E., 468; 37 S. E., 479; 41 S. E., 881; 46 N. E., 358; 54 N. E., 774; 73 S. W., 1043; 41 S. W., 469.

*Messrs. E. McC. Clarkson* and *D. W. Robinson,* contra, cite: 62 S. C., 232; 6 L. R. A., 444; Hale on Dam., 266; 124 N. C., 464; Sedg. on Dam., 878; 109 N. C., 533; 5 S. C., 371; 73 Ia., 190; 21 Am. & Eng. Inc. Cas., 182; 132 N. C., 324; 135 N. C., 466; Pom. on Rem., 522; 12 S. C., 5; 35 S. C., 383; 70 S. C., 472.

## Statement of Facts.

This is an appeal from an order overruling a demurrer to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action.    It will, therefore, be necessary to refer to the complaint, which alleges:

"1. That the plaintiff, J. E. Rogers, is the husband of the plaintiff, Bertha A. Rogers, and is joined with her under section 135 of the Code of Procedure.

"2. That the defendant is, and at the times hereinafter mentioned, was a telegraph company, duly incorporated by and under the laws of the State of New York, and doing business in South Carolina, having offices in the city of Columbia, S. C., and the town of Darlington, S. C., for the transmission of messages by wire between said points.

"3. That on the 17th day of June, the plaintiff, Bertha A. Rogers, being in the city of Columbia, S. C., was taken sick in childbirth, and at 8 o'clock A. M. on the said day,

her husband, J. E. Rogers, having had a prearrangement with her mother to be with her at such time, as was her custom theretofore, presented to and filed with the defendant, at its office in Columbia, S. C., the following message, to wit:

" 'Columbia, S. C., June 17, 1904.

" 'Mrs. L. M. P. Rogers, care of Hallie Blackwell, Darlington, S. C.

" 'Mama. Come on first train. Answer message.

" 'J. E. Rogers.'

"4. That the defendant at said time and place received said message, agreeing to deliver the same promptly as directed, and in consideration therefor then and there was prepaid to the defendant its regular charges.

"5. That at said time the plaintiff, Bertha A. Rogers, was grievously ill in bed and anxiously awaiting the arrival of her mother, and in immediate need of her help and attention.

"6. That although Hallie Blackwell, in whose care the telegram was directed, was at his place of business not far from the office of the defendant, in the town of Darlington, S. C., the defendant wilfully, wantonly, recklessly and negligently failed and omitted to deliver said message as directed, but mailed the same to Mrs. L. M. P. Rogers, by Rural Free Delivery, Darlington, S. C., in consequence of which wilful, wanton, reckless and negligent conduct of the defendant, its agents and servants, said message was not received by the said Mrs. L. M. P. Rogers until some days after it was delivered to said defendant for transmission as aforesaid.

"7. That by reason of the defendant's said wilful, wanton, reckless and negligent failure to promptly deliver said message as directed, the plaintiff, Bertha A. Rogers, was deprived of the presence, aid, comfort and attention of her mother, and subjected to great mental anguish and suffering, to her damage $1,950."

The defendant demurred to the complaint on the following grounds:

"1. Because the complaint fails to allege any duty owed by the defendant to the plaintiff, Bertha A. Rogers, the real party in interest, and for whose benefit this action is brought, for the breach of which it is liable in damages, nor does it show that there was on behalf of said plaintiff any cause of action against the defendant.

"2. Because it appears upon the face of the complaint that this action is brought solely upon the damages alleged to have been sustained by a stranger to the message, namely, Bertha A. Rogers, whose interest does not appear from the message itself, nor is it alleged in said complaint that it was otherwise disclosed to the defendant.

"3. Because it appears upon the face of the complaint that the plaintiff, Bertha A. Rogers, is not entitled to recover for mental anguish, and that the action is brought for her benefit." The demurrer was overruled and the defendant appealed.

## OPINION.

August 1, 1905. The opinion of the Court was delivered by

MR. JUSTICE GARY. (After stating the facts). In section 823 of Joyce on Electric Law, it is said: "The rule established in *Hadley* v. *Baxendale*, and which has been continuously asserted and affirmed, is, that the damages which a party to a contract ought to recover, in respect to a breach of it by the other, are such as naturally arise from the breach itself, or such as may reasonably be supposed to have been contemplated by the parties when making the contract as the probable result of the breach. And it may be added that the damages must be certain, both in their nature and in respect to the cause from which they proceed. They must not be the remote, but the proximate consequence of the breach of contract and must not be speculative or contingent. Again, to continue the rule of the *Hadley* v. *Baxendale* case, if the special circumstances under which the contract was actually made were communicated to and thus known by

both parties, the damages resulting from the breach of such a contract which they could reasonably contemplate would be the amount of injury which would ordinarily follow from a breach of contract under those special circumstances so known and communicated. But, on the other hand, if these special circumstances were wholly unknown to the party breaking the contract, he, at the most, could only be supposed to have had in his contemplation the amount of injury which would arise generally, and in the great multitudes of cases not affected by any special circumstances from such breach of contract, for had the special circumstances been known the parties might have specially provided for the breach of contract by special terms as to the damages in that case. This rule is applicable to the contracts of telegraph companies for the transmission of messages."

These principles are recognized in *Arial* v. *Tel. Co.,* 70 S. C., 418, in which the Court uses this language: "The statute was not intended to make the company liable in all cases for mental anguish and suffering, where there was negligence in receiving, transmitting or delivering messages. In order to render the company liable in damages for mental anguish, the suffering must have been the direct, natural and proximate result of its negligence in receiving, transmitting or delivering the message. The message must show upon its face, or the company must have knowledge of such facts as will enable it to foresee that the failure to perform its duty may reasonably be expected to result in mental suffering. The company is not liable in damages for mental anguish, when it was merely incidental to the failure to perform its duty, as in such cases the suffering could not be reasonably anticipated, and was not a result which, it could be said, the parties had in contemplation in entering into the contract." See, also, *Jones* v. *Tel. Co.,* 70 S. C., 539.

The case of *Mood* v. *Tel. Co.,* 40 S. C., 524, 19 S. E., 67, shows that special damages are not recoverable, unless expressly alleged, and that those damages are special that do not necessarily result from the wrongful act.

The plaintiff's name is not mentioned in the telegram; therefore, the message does not show upon its face that her suffering could have been reasonably anticipated, and was a result which, it could be said, the parties must have had in contemplation in entering into the contract. Nor are there any allegations in the complaint that the defendant had notice that the telegram was sent for her benefit. The complaint fails to show that she was entitled either to damages as the direct and proximate result of the wrongful act, or to special damages. His Honor, the Circuit Judge, therefore, erred in overruling the demurrer.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.