6593.

## SMITH v. WESTERN UNION TEL. CO.

1. TELEGRAPH COMPANIES—NOTICE.—Suit on claim for damages for negligence in delivery of message is a presentation of claim in writing under the stipulation that claims shall be presented in writing in 60 days.

2. IBID.—There was a conflict of evidence here as to the efforts of the messenger boy to find the addressee of a telegram on which jury could have found verdict for plaintiff.

3. IBID.—MENTAL ANGUISH.—There being nothing to show that addressee of message would not have gone to the funeral if it had been delivered in time, he has a cause of action under the mental anguish act.

4. IBID.—OFFICE HOURS.—Modification of request as to duty of telegraph company to deliver messages after office hours by adding the doctrine of waiver of observance of office hours was not error in this case.

5. NEGLIGENCE—WANTONNESS.—WHEN EVIDENCE is received as to wealth of a telegraph company in a suit on both negligence and wantonness and nonsuit is granted as to cause of action for wantonness, in absence of request, it is not reversible error to fail to instruct jury not to consider such evidence in the cause of action for negligence.

Before HYDRICK, J., Kershaw, April Term, 1906. Affirmed.

Action by C. L. Smith against Western Union Telegraph Co. From judgment for plaintiff, defendant appeals.

*Messrs. Geo. H. Fearons, Nelson & Nelson*, for appellant, cite: *Claim for damages must be presented in sixty days from filing message:* 21 Am. & Eng. Corp. Cas., 88; 8 Ibid., 423; 25 Ibid., 519; 65 N. Y., 163; 57 Wis., 562; 62 Pa., 83. *If plaintiff knew he could not have arrived in time for funeral after delivery of message there can be no recovery for mental anguish:* 72 S. C., 523; 70 S. C., 422. *No negligence in effort to deliver:* 71 S. C., 303, 386; 72 S. C., 116; 75 S. C., 97. *No duty to deliver after office hours shown:* 73 S. C., 522; 75 S. C., 187; 72 S. C., 116; 71 S. C., 386. *Evidence as to wealth of defendant is not*

*admissible under cause of action for negligence:* 44 L. R. A., 227; 13 Cyc., 211-2.

*Messrs. Clark* and *von Fresckow,* contra, cite: *Commencement of suit is sufficient presentation of claim for damages:* 27 Ency., 1049, note 5, 1042; 133 N. C., 603; 109 N. C., 527; 95 Tex., 641. *Ground of objection not made to evidence on trial cannot be made here:* 66 S. C., 315; 14 S. C., 502; 41 S. C., 118, 553.

July 13, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff recovered judgment for mental anguish, alleged to have been produced by the negligent delay of the defendant in delivering the following telegram, sent by plaintiff's father, concerning the death and burial of his brother:

"Apex, S. C., Oct. 4.

C. L. Smith, Camden, S. C.

Anderson dead; be buried here tomorrow.; answer if you can.                                           . Rufus Smith."

The issue of punitive damages was eliminated by an order of nonsuit, from which the plaintiff has not appealed.

The main contention of the defendant is that a nonsuit should have been ordered, as to the whole case ,on several grounds submitted to the Circuit Judge.

The first was the failure of the plaintiff to show that any claim for damages was presented in writing within sixty days after the filing of the message. This point might be dismissed with the remark that the stipulation relied on does not appear on the telegram as printed in the record.

But as the remarks of the Circuit Judge, in considering the motion, show that it was before the Court, we will not refuse to pass on it.

The suit was brought within sixty days after the alleged breach of duty, and consequent damage to the plaintiff, and

the question is whether this was a sufficient compliance with the requirement that the claim should be presented within sixty days. While the requirement that the claim for damages shall be presented within sixty days has been held valid because essential to the proper investigation of claims, nothing should be added to the meaning of the language which the company has itself employed in imposing the condition.

The general rule is that the liability attaches by operation of law as soon as damage to the plaintiff results from the negligence of the defendant, and there is nothing in the stipulation to the contrary. The stipulation is if the person injured fails to make claim under the liability within sixty days, the liability which had been incurred comes to an end, and the cause of action is gone. But the suit is a presentation of the claim in writing, and under the stipulation preserves the liability.

The defendant's counsel relied on the case of *Western Union Telegraph Company* v. *Yopst* (Ind.), N. E., 16; in which the Court takes his view, but the weight of authority supports the conclusion we have reached. *Phillips* v. *Tel. Co.*, 95 Texas, 641; *Tel. Co.* v. *Trumbull* (Ind.), 27 N. E., 313; *Tel. Co.* v. *Mellon* (Tenn.), 33 S. W., 727; *Tel. Co.* v. *Henderson* (Ala.), 18 Am. St., 148; *Bryan* v. *Tel. Co.* (N. C.), 45 S. E., 938; Sherman and Redfield on Negligence, sec. 554; Thompson on Elec., sec. 256.

The defendant relied on two additional grounds in the motion for nonsuit: "Because there is no evidence which shows or tends to show any damage, actual or nominal, of which the failure to deliver the telegram in question was the proximate cause, which would entitle the plaintiff to recover under the mental anguish act," * * * "Because the testimony does not show any negligence on the part of the defendant in its efforts to deliver the telegram."

The message was received at Camden at 2:47 P. M., and delivered the next day. There was undisputed evidence of great diligence on the part of the operator to locate the

plaintiff and deliver the telegram. The negligence, if any, was on the part of the messenger boy. The plaintiff was living with Mrs. Joyner, two blocks from the telegraph office; and the operator in the afternoon directed the messenger to try to find plaintiff there. He failed to go to the Joyner house, saying he could not find it, but the witness, McCain, testified that he told him where it was. The messenger denied McCain's statement, but clearly the evidence made a question of fact for the jury as to his negligence. The position that there was no evidence of actual damage to the plaintiff was equally untenable.

When plaintiff received the belated telegram, he replied: "Message received too late; wife sick; will come to see you as soon as she is better." There is nothing in this message to indicate that plaintiff would not have gone to the funeral of his brother, notwithstanding his wife's illness, had he received the message in time; and he testified he would have gone.

The defendant next contends the Circuit Judge erred in not charging the following request, without modification: "If the jury find the defendant used due diligence and could not locate the plaintiff, C. L. Smith, and asked the sender for some address, and such address was not received until after closing hour, then the company was under no duty to deliver the message until within a reasonable time after the opening hour the next day, provided such opening and closing hours were reasonable. And if the company should, under such state of facts, deliver the message within a reasonable time after the opening hour next morning, then the jury should find for the defendant." After reading the request to the jury, the Circuit Judge said: "Now, with regard to that request, I charge you this, that the telegraph company has the right to establish reasonable rules for the conduct of its business, has the right to establish reasonable office hours, and if the office hours established as shown by the testimony are reasonable, then the company is not bound to either deliver, send or receive

a message after office hours unless, by a course of dealing, by a custom, it has so conducted itself as to have waived the office hours which it established. That is a question of fact for the jury. I will read it to you: If the office hours established for an office are reasonable, the company is under no duty to transmit messages except during such hours, and a message offered for transmission, after the close of such office, at the office of destination, may be transmitted within a reasonable time after the office is open next morning.

"The failure of the agent to observe the office hours when habitual may be shown in evidence as indicating that no rule on the subject prevails or was enforced; but proof merely of the occasional transmission or delivery will not be sufficient to establish waiver of the regulation.

"You see an occasional violation of office hours, sending, receiving or delivering messages out of office hours, occasionally, would not be sufficient proof to show waiver of office hours; but it must be habitual, and it is for the jury to say whether or not it is so habitual as to amount to waiver of office hours."

The charge was in accord with the opinion expressed in *Bonner* v. *Tel. Co.*, 71 S. C., 303, 51 S. E., 117; and *Harrison* v. *Tel. Co.*, 71 S. C., 386, 51 S. E., 119.

The defendant charges the Circuit Judge erred "in not instructing the jury that they were not to consider the testimony introduced, as to the wealth of the company, after granting a nonsuit as to the cause of action based upon wilful tort; the error being that it tended to mislead the jury and to lead them to believe that they could, on account of the wealth of the company, increase their verdict for mere negligence; whereas, such testimony could only apply to the cause of action based on wilfulness and wantonness, and the jury should not have been so instructed."

Testimony was received as to the wealth of the defendant. which defendant's counsel concedes was competent, before

the cause of action resting on the allegations of wilfulness and wantonness had been disposed of by nonsuit.

No request having been made for an instruction that this evidence could not be considered under the cause of action for negligence, the omission of the Court to give instruction cannot avail defendant. *Jennings* v. *Manufacturing Co.,* 72 S. C., 420, 52 S. E., 113, and authorities cited.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.