6798

### BAIRD v. WESTERN UNION TEL. CO.

1. TELEGRAPH COMPANIES—PLEADINGS—IRRELEVANT ALLEGATIONS.—In an action for loss sustained by reason of the failure of a telegraph company to deliver in proper form a telegram signed by a bank authorizing sender to draw on it with a dishonored check attached, allegations to the effect that sendee was engaged in the insurance business and the party had given him the dishonored check for premiums due him, telegram would have instructed him what disposition to make of the dishonored check, and allegations charging wilfulness and recklessness, damage to his credit and humiliation to himself, are irrelevant.

MESSRS. JUSTICES JONES and WOODS *dissent as to the allegations stating the telegram would have instructed plaintiff what disposition to have made of the returned check.*

2. IBID.—DAMAGES.—The addressee of a telegram may recover the damages caused him by failure of the telegraph company to deliver in proper form a telegram instructing him to draw on it with a dishonored check attached, which caused him to lose the amount of the check.

Before KLUGH, J., Spartanburg, November, 1906. Modified.

Action by H. S. Baird against Western Union Telegraph Company. From order refusing motion to strike out certain allegations of the complaint and overruling demurrer, defendant appeals.

*Messrs. George H. Fearons, Willcox & Willcox* and *Henry E. Davis,* for appellant. *Messrs. Willcox & Willcox* and *Davis* cite: *To make telegraph company liable it should have had notice of special circumstances:* 40 S. C., 524; 71 S. C., 29; 70 S. C., 540; 72 S. C., 290; 75 S. C., 208; 76 S. C., 301; 71 S. C., 82, 211; 74 S. C., 286; 65 S. C., 490.

*Messrs. Spears & Dennis,* contra, cite: *Financial embarrassment is admissible to show damages:* 73 S. C., 21, 340; 60 S. C., 353. *Failure of delivery in correct form is prima facie negligence:* 1 Am. St. R., 353. *In considering notice all facts and circumstances should be considered:* 7 L. R. A., 474; 27 Ency., 1031. *Allegation that telegram would have instructed plaintiff what disposition to make of returned check is not evidentiary:* 21 Ency. P. & P., 515. *Plaintiff under allegations of the complaint is entitled to damages.* 27 Ency., 1071, 1080; 10 Am. St. R., 782; 4 L. R. A., 262.

March 14, 1908. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an appeal from an order overruling a demurrer to the complaint, and refusing to strike out certain allegations thereof, to wit, those that are italicized in the following copy of the complaint:

I. "That the defendant is a corporation duly organized and chartered under the laws of one of the States of the United States, which State is unknown to plaintiff.

II. "That the defendant carries on a telegraph business in the States of South Carolina and North Carolina, transporting and transmitting messages from one place to another for hire.

III. "That on November 11, 1903, at Winston-Salem, N. C., a telegram of the following tenor and words was delivered to the defendant and charges prepaid thereon, for transmission and delivery to the plaintiff at Darlington, S. C.:

" 'Winston-Salem, N. C., Nov. 11th.   H. S. Baird, Dar-
lington, S. C.   Draw on this bank with 'Coleman's check
attached.   People's National Bank.'

"But in utter disregard of plaintiff's rights the defendant
carelessly, willfully, negligently and recklessly changed the
said telegram as follows:

" 'Winston-Salem, N. C., Nov. 11th.   H. S. Baird, Dar-
lington, S. C.   Draw on this bank with 'Coleman's check
attached.   John Coleman.'

IV.  *"That the plaintiff was at the times herein mentioned,
and is now, engaged in the insurance business as agent for
several companies at Darlington, S. C., and acting in his
capacity as such, he issued insurance to John Coleman in
large amounts on tobacco, which the said Coleman had stored
in Darlington.   That at the time above-mentioned there was
due as premiums on the said insurance from John Coleman
to the plaintiff the sum of four hundred thirty-two and
5-100 dollars,* and on October 28, 1903, the said John Cole-
man gave to the plaintiff a check on the Peoples National
Bank, Winston, N. C., for the sum of four hundred thirty-
two and 5-100 dollars, *in settlement of the premiums then
due,* which said check was duly deposited in the Peoples
Bank at Darlington, S. C., for collection, and was presented
to the Peoples National Bank of Winston-Salem for pay-
ment, but was returned to plaintiff unpaid.

V.  "That thereupon on November 11, 1903, as above set
forth, the Peoples National Bank of Winston-Salem, N. C.,
telegraphed the plaintiff as set forth above, *which telegram,
if it had been delivered in its proper form, would have
instructed plaintiff what disposition to make of the returned
check, and plaintiff would thereby have collected the amount
of said check,* but the defendant having carelessly, wilfully,
negligently and recklessly changed said telegram and deliv-
ered it in its changed condition, plaintiff was not instructed
thereby, and could not pay proper attention to it, and the
Peoples National Bank of Winston-Salem paid out the
money then in its hands to pay this check, and when the

plaintiff drew on said bank later, to wit, November 20, 1903, his draft was returned unpaid and this plaintiff thereby lost the sum of money aforesaid.

VI. *"That on account of the carelessness, wilfulness, recklessness and negligence of the defendant above set forth, this plaintiff has been financially embarrassed, has had to allow matters to remain long overdue against him, and has been injured in his credit and in his financial standing, and humiliated, and has been damaged thereby in the sum of nineteen hundred and fifty dollars."*

We will first consider whether there was error in refusing to strike out said allegations on the ground that they were irrelevant and redundant.

In Pom. Code Rem., Section 517, it is said: "The fundamental and most important principle of the reformed pleading, the one from which all the others are deduced as necessary corollaries, is the following: The material facts which constitute the ground of relief should be averred as they actually existed or took place, *and not the legal effect or aspect of those facts, and not the mere evidence of probative matter by which their existence is established."* (Italics ours.) Section 526 of the same work shows that "those important and substantial facts should be alleged which either immediately form the basis of the primary right and duty, or which directly make up the wrongful acts or omissions of the defendant, *and not the details of the probative matter or particulars of evidence by which these material elements are to be established."* (Italics ours.)

The italicized allegations of the complaint do not contain material facts constituting grounds of relief and should have been struck out.

The grounds of demurrer were as follows:

First. "In that it appears upon the face of the complaint that the plaintiff did not lose the money due him by John Coleman by reason of the failure to correctly deliver the

telegram in question, but that he did fail to collect same by reason of the voluntary act of John Coleman in checking out the money in question from the bank where it was deposited, and by reason of the act of the Peoples National Bank of Winston-Salem in paying out said money regardless of the telegram, which it had delivered to the defendant company; and

Second. "Because it appears on the face of the complaint that the Peoples National Bank of Winston-Salem, by sending the telegram in question, assumed no obligation to pay plaintiff's draft when presented, and the telegram in its correct form did not give notice to the telegraph company that the said bank had assumed such obligations."

The plaintiff did not draw on the Peoples National Bank, for the reason that the telegram was not transmitted as presented, and the allegations show that the failure to transmit correctly caused him pecuniary loss to the amount of the check.

It is the judgment of this Court, that the order of the Circuit Court be modified in the particulars herein mentioned.

MR. JUSTICE WOODS, *concurring and dissenting.* I concur in the opinion that the portions of the fourth and sixth paragraphs of the complaint italicized in the opinion of Mr. Justice Gary should be struck out, not because they are allegations of probative matter, but because they are entirely irrelevant, and proof of them should not be admitted.

These allegations set up special consequential damages. Damages beyond the amount of the check can not be recovered, because there was no notice on the face of the telegram, or otherwise, that anything more than the amount of the check was involved in prompt and accurate transmission of the message. *Mood* v. *Tel. Co.,* 40 S. C., 524, 19 S. E., 67; *Capers* v. *Tel. Co.,* 71 S. C., 29, 50 S. E., 537; *Jones* v. *Tel. Co.,* 70 S. C., 540, 50 S. E., 198; *Rogers* v. *Tel. Co.,*

72 S. C., 290, 51 S. E., 773; *Key* v. *Tel. Co.,* 76 S. C., 301; *Traywick* v. *Ry. Co.,* 71 S. C., 82, 50 S. E., 549; *Wesner, etc., Co.* v. *R. R. Co.,* 71 S. C., 211, 50 S. E., 789; *Wehman* v. *Ry. Co.,* 74 S. C., 286; *McKerall* v. *R. R. Co.,* 76 S. C., 338.

The allegation as to the plaintiff's humiliation is irrelevant because the plaintiff can not recover damages for mental anguish for failure to transmit properly a business message. *Capers* v. *Tel. Co.,* 71 S. C., 29, 50 S. E., 537.

I am unable to discern any good reason for striking out the italicized portion of the fifth paragraph of the complaint. It was by no means unimportant for the plaintiff to allege, if the telegram had been correctly transmitted it would have instructed him what disposition to make of the draft, and thus would have enabled him to collect the debt represented by the draft. Indeed, without some allegation that the draft would have been presented and paid, the complaint would have been fatally defective, for there would have been no damage to the plaintiff growing out of the mistake in the telegram, unless such mistake prevented the collection of the draft. *Wallace* v. *R. R. Co.,* 34 S. C., 62; 12 S. E., 815; *Capers* v. *Tel. Co., supra.*

It seems clear there was no support for defendant's demurrer which was interposed on the ground that the complaint failed to state any cause of action. The defendant was bound to know from the terms of the telegram that it was authority to the plaintiff to draw on the Peoples Bank for a sum of money, and that in the course of business the failure to transmit accurately might result in the loss of the amount for which plaintiff was authorized to draw, whatever that amount happened to be. The telegraph company, therefore, took the risk of loss from its negligence to the extent of the amount of the draft plaintiff was authorized to make. The defendant's position that the telegram did not mean the bank would pay the draft is untenable. Obviously, by the words used the bank meant to say to the plaintiff, in a short business way, if he would

draw on the bank for the amount of Coleman's check with the check attached, the bank would pay the draft. It may be the bank's promise was without consideration and, therefore, at no time legally available to plaintiff against the bank; nevertheless, if the plaintiff should be able to prove on the trial the bank would have voluntarily paid the draft if it had been promptly presented in response to the telegram, and thereafter refused to pay it because of delay in presentation, and that the defendant's negligence brought about the delay, the plaintiff, in that event, would be entitled to a verdict for the amount of the draft. This conclusion accords with the principles of *Hayes* v. *Tel. Co., 70* S. C., 16, 48 S. E., 608, 67 L. R. A., 481, and *Bowie* v. *Tel. Co., 78* S. C., 424, and the authorities therein cited.

No opinion is expressed as to what would be the measure of the plaintiff's damages, if any, in the event it should appear the bank was legally bound to pay the draft, when it was actually presented notwithstanding the delay. The demurrer does not raise that question but, on the contrary, rests on the proposition that the bank was never legally liable to pay the draft.

In my opinion the motion to strike out should be granted so far as it relates to the fourth and sixth paragraphs of the complaint, and denied so far as it relates to the fifth paragraph; and the demurrer should be overruled.