8046

HARRELSON v. WESTERN UNION TELEGRAPH CO.

1. TELEGRAPH COMPANIES—NEGLIGENCE—WAIVER OF OFFICE HOURS.—Where there is no direct evidence of when a message was delivered for transmission, but it arrives at terminal office after office hours and is delivered next morning, there is no evidence of negligence in transmission. That a message had been at one time delivered after office hours, and that the agent tried to deliver this one after office hours, do not tend to show waiver of office hours.

2. IBID.—IBID.—MENTAL ANGUISH.—Delivery of message one hour after beginning of office hours in the morning is not such negligence as is the direct and proximate cause of any anguish the plaintiff could have suffered, because if delivered immediately on opening the office the plaintiff could not have started on her journey earlier than she did.

3. IBID.—THE ACT OF 1909, 26 Stat. 84, amending section 2223 of the Code of 1902, by enlarging the liability of telegraph companies, is not retroactive.

Before DeVore, J., Darlington, November, 1910. Reversed.

Action by Isom Harrelson and Thettus Harrelson against Western Union Telegraph Co. Defendant appeals.

*Messrs. Geo. H. Fearons, Willcox & Willcox* and *Lucian W. McLemore,* for appellant.

*Messrs. Willcox & Willcox* and *Lucian W. McLemore* cite: *There was no evidence of negligence:* 71 S. C. 386, 304; 73 S. C. 520. *There was no evidence of any damages proximately flowing from defendant's negligence:* 72 S. C. 516; 73 S. C. 520; Jones on T. & T. Cos., sec. 325; 75 S. C. 54; 74 S. C. 491; 71 S. C. 303; 70 S. C. 418. *There was no evidence of notice of damage:* 72 S. C. 290; 70 S. C. 418; 70 S. C. 29, 539. *The act 26 Stat. 84 is not retroactive:* 36 Cyc. 1201; 21 S. W. 788; 36 Cyc. 1180; 84 S. C. 468; 55 S. C. 295; 60 S. C. 1.

*Mr. Geo. W. Brown,* contra, cites: *Act 1909, page 84, is remedial and relates to procedure and is applicable here:* Bail. Eq. 392; 36 S. C. 454, 202; 62 S. C. 300; 31 S. C. 1. Endlich. Int. Stat., secs. 285, 286; Cool. Con. Lim. 452. *Negligence and wilfulness are issues for jury:* 87 S. C. 321; 84 S. C. 159; 54 S. C. 504; 72 S. C. 256; 76 S. C. 343; 84 S. C. 70.

November 27, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. This action was brought on August 1, 1909, to recover damages for mental anguish

caused to plaintiff Thettus Harrelson by the alleged negligent and wilful failure of the defendant to promptly deliver a telegram, filed by J. E. Parker in defendant's office at Chadbourn, N. C., May 1, 1909, for transmission to plaintiff Isom Harrelson at Hartsville, S. C., reading as follows:

"Come at once, old man Van Merritt is dead."

Van Merritt was the father of Thettus Harrelson, the wife of Isom Harrelson. At the close of all the testimony defendant moved for direction of verdict in its favor on the grounds:

(1) That there was no evidence of negligence.

(2) No evidence of wilfulness.

(3) No evidence of damages proximately caused by any negligence or wilfulness of defendant.

(4) No evidence of notice to defendant that Thettus Harrelson, the real party plaintiff, would sustain damages as the result of delay in delivering the message.

The motion was refused and verdict and judgment were for plaintiffs in the sum of four hundred dollars.

The complaint alleged that the message was filed at the Chadbourn office at 6:30 p. m., May 1, 1909, which was denied by defendant. The only evidence of the time of filing that can be discovered in the testimony for plaintiff is that Van Merritt died on the evening of May 1, and that thereafter on that day J. E. Parker, living five miles from Chadbourn, filed the message and that the message was received at the Hartsville, S. C., office at 8:20 p. m. of that day. Hence there is a complete failure of any evidence tending to show any negligence in the transmission of the message from Chadbourn to Hartsville.

According to the undisputed testimony for the defendant, the office hours at the Hartsville office were from 8 o'clock a. m. to 8 o'clock p. m., and there was no testimony that these hours were not reasonable. The rule has been frequently declared that telegrams are accepted for

transmission subject to the reasonable regulations of the telegraph company, and that such company is not guilty of negligence in not delivering messages out of its reasonable office hours, in the absence of a special undertaking to the contrary. *Harrison* v. *Tel. Co.,* 71 S. C. 386, 51 S. E. 119; *Bonner* v. *Tel. Co.,* 71 S. C. 304, 51 S. E. 117; *Roberts* v. *Tel. Co.,* 73 S. C. 520, 53 S. E. 985.

There was no evidence tending to show that defendant had waived the regulation as to office hours. The isolated instance shown of a delivery of a telegram to Robert C. Carter in May, 1908, at 9:30 p. m., does not tend to show such waiver. *Bonner* v. *Tel. Co.,* 71 S. C. 309, 51 S. E. 117.

Nor does the fact that the operator at Hartsville made some effort (the extent of which was disputed) to deliver the message in person, the regular messenger having been discharged at 8 p. m., tend to show waiver of the rule.

The message was delivered next morning about 9 a. m., but even if the delay of one hour after office hours of opening was some evidence of negligence, still, according to the undisputed evidence, if the message had been delivered immediately on the opening of the office at 8 o'clock a. m., it would have been impossible for plaintiff to go to Chadbourn earlier than she did, as the first train for that point left Hartsville at about 6:30 a. m. on May 2, hence the deprivation of seeing her father's face before burial and attending his funeral was not the proximate result of any neglect of duty by defendant's agent.

In order to recover damages for mental anguish the suffering must be the direct and proximate result of a negligent or wilful breach of duty in transmitting or delivering a message. *Arial* v. *Tel. Co.,* 70 S. C., 418, 50 S. E. 6. The only inference possible to be drawn from the testimony is that plaintiff sustained no damages as the proximate result of a breach of duty by defendant, and hence a verdict for defendant should have been directed.

In view of the foregoing it is not important to consider the point that there was no evidence of notice to defendant that plaintiff, Thettus Harrelson, would sustain damages as a result of failure to transmit and deliver promptly, but we will not decline to notice the question. It is true that Mrs. Harrelson's name was not connected with the message and there was no evidence of notice to defendant's agent that she would be affected by delay in delivery. Hence under the law as it stood previous to the act of March 2, 1909, amending sec. 2223, vol. I, Code of Laws, it is clear that Mrs. Harrelson could not recover. *Capers* v. *Tel. Co.,* 71 S. C. 29, 50 S. E. 537; *Rogers* v. *Tel. Co.,* 72 S. C. 290, 51 S. E. 773.

The plaintiff, Isom Harrelson, is made a party merely as the husband of Mrs. Harrelson, as required by the Code in certain actions by a married woman, and his rights with respect to the message are not to be considered, as there are no allegations in the complaint that he has sustained any damage in connection with its transmission and delivery.

Appellant contends that since the acts with reference to the transmission and delivery of the message occurred previous to the adoption of the statute of 1909, the case is not affected by the statute, which is prospective only. Respondent contends that the statute relates merely to the remedy and the rules of evidence and is retrospective as to all accrued causes of action, except cases pending in the Courts at the adoption of the statute.

The terms of the statute, section 2223, as amended in 1909, the amendatory matter in italics, are as follows:

Sec. 2223. "All telegraph companies doing business in this State shall be liable in damages for mental anguish or suffering even in the absence of bodily injury, for negligence in receiving, transmitting or delivering messages, *without regard to relationship by blood or marriage, or whether such messages afforded notice of such relationship or otherwise, or that injury or damage would result if such*

*anguish or suffering resulted as a matter of fact.* Nothing contained in this section shall abridge the rights or remedies now provided by law against telegraph companies, and the rights and remedies provided for by this section shall be in addition to those now existing. In all actions under this section the jury may award such damages as they conclude resulted from negligence, *wantonness, wilfulness, or recklessness* of said telegraph companies: *Provided, That when a telegram shows on its face that it relates to recklessness or death, the real party for whose benefit the telegram was sent and who suffered mental anguish by reason of the negligence or wilfulness of the telegraph company, may recover damages as hereinbefore provided, without being required to allege or prove that the telegraph company had notice or knowledge at the time the message was sent of his or her relation to it, or of the extent or scope of his or her damage: Provided, That nothing contained in this act shall affect cases now pending in the Courts."*

"Recklessness or death" above was probably intended for "sickness or death," but that is not a matter of concern now.

The title of the amending statute discloses a purpose to define and *extend the liability* of telegraph companies, etc.

The body of that act creates a new liability or enlarges the existing liability of telegraph companies, and should not be regarded as intended to be retroactive, unless it clearly appears that such was the intention. The rule is that a statute must not be construed as retroactive unless so required by express words or necessary implication. *Curtis* v. *Renneker,* 34 S. C. 468, 13 S. E. 664; *Mutual Ins. Co.* v. *Logan,* 55 S. C. 295, 33 S. E. 372; *Vesta Mills* v. *Charleston,* 60 S. C. 1, 38 S. E. 226. Construed by this rule we do not think the statute was intended to be retroactive, and is not applicable to the present case.

The judgment of the Circuit Court is reversed.